UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM DYKEMAN, | Civil Action No. 14-6111 (SDW) |
| Petitioner, | |
| v. | |
| ADMINISTRATOR KENNETH NELSON, et al., | MEMORANDUM OPINION |
| Respondents. | |

**WIGENTON**, District Judge:

    1. On or about October 1, 2014, Petitioner William Dykeman submitted his pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction and sentence. (ECF No. 1).

    2. On March 11, 2015, this Court denied Petitioner's application to proceed *in forma pauperis* and administratively terminated this matter pending Petitioner's payment of the filing fee or the filing of a second *in forma pauperis* application. (ECF No. 7).

    3. On November 17, 2015, Petitioner paid the five dollar filing fee. (*See* ECF Docket Sheet).

    4. On December 2, 2015, this Court entered an order reopening this matter. (ECF No. 11). This Court also screened Petitioner's habeas petition and found that it failed to set forth the required factual information in support of its claims as required by the Rules Governing Section 2254 Cases. (*Id.*). This Court therefore ordered Petitioner to refile his petition within forty-five days. (*Id.*). Although this Court did not provide a specific page limit for Petitioner's filing, this Court did specifically instruct Petitioner to state his claims in as concise a manner as feasible and

1

to state his claims in the petition itself rather than by reference to various state court post-conviction relief (PCR) briefs.  (*Id.*).

     5.  On January 12, 2016, Petitioner filed his amended petition.  (ECF No. 14). Petitioner's amended petition is over three hundred pages long, and contains over seventy claims.  Despite this Court's prior order, Petitioner again attempted to supplement his petition by reference to various PCR briefs filed in the state courts.  (*Id.*).  Alongside his amended petition, Petitioner also filed a motion asking this Court to order his current prison to provide him greater library access.  (ECF No. 15).

     6.  On January 15, 2016, this Court entered an order screening Petitioner's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases, which requires that this Court screen Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  (*See* ECF No. 16).  In that order, this Court determined that Petitioner had filed an unexhausted mixed petition, and as such directed Petitioner to show cause within thirty days why his petition should not be dismissed as unexhausted.  (*Id.*).  This Court's January 15 order also granted Petitioner's motion for greater library access, and specifically requested that the warden of South Woods State Prison provide Petitioner with the maximum amount of library time which comports with the prison's policies.

     7.  In the more than two months that followed, Petitioner has utterly failed to file a response to this Court's order to show cause.  Instead, Petitioner has attempted to request further orders modifying this Court's prior order to provide him even greater library access than he has been provided, and specifically asking this Court to require South Woods State Prison to provide set periods of library time to Petitioner.  (ECF Nos. 18-21).  As this Court has already provided Petitioner with an order requesting that the prison provide him the maximum amount of time

permitted by the prison's policies, and because it is not within this Court's purview to fashion specific rules regarding law library access at South Woods State Prison, those requests must be denied. *See Lewis v. Casey*, 518 U.S. 343, 346-47 (1996); *Dubois v. Abode*, No. 04-1314, 2007 WL 1652256, at *1 (D.N.J. June 7, 2007). (*See also* ECF No. 16 at ¶ 16-17).

8. Because Petitioner has failed to respond to this Court's Order to Show Cause despite being provided more than two months in which to do so, and because Petitioner was specifically warned that the failure to respond to that Order may result in the dismissal of his petition without prejudice, this Court must, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, determine whether this petition should be dismissed at this time.

9. The following procedural history underlays this Court's decision in this matter. On July 15, 2005, Petitioner was convicted of numerous crimes including three counts of sexual assault. (ECF No. 14 at 7).[1] Petitioner appealed, and the Appellate Division affirmed his conviction in March of 2009. *See State v. Dykeman*, 2009 WL 529220 (N.J. App. Div. Mar. 4, 2009). Although the Appellate Division affirmed the conviction and rejected most of Petitioner's sentencing arguments, the Appellate Division ordered the matter remanded for resentencing pursuant to *State v. Natale*, 184 N.J. 458, 495-96, 878 A.2d 724 (2005) (restructuring New Jersey's entire sentencing scheme by finding presumptive terms unconstitutional). *Id.* Petitioner petitioned for certification to the New Jersey Supreme Court, but certification was denied. 199 N.J. 542 (2009). Petitioner was thereafter resentenced on July 24, 2009, and received the same sentence as had been originally imposed. *See State v. Dykeman*, 2012 WL 371577 (Feb. 7, 2012). The Appellate Division affirmed Petitioner's resentencing on

---

[1] All page numbers referencing ECF No. 14 refer to the page numbers assigned by the Clerk's Office, rather than Petitioner's handwritten numbers.

3

February 7, 2012, *see id.*, and the New Jersey Supreme Court denied certification on December 13, 2012, *see* 212 N.J. 462, 56 A.3d 689 (2012).

10. After his resentencing but before his second direct appeal had concluded, Petitioner filed a petition for post-conviction relief in the New Jersey Superior Court – Law Division in August 2009. (ECF No. 14 at 126). According to the petition, the Law Division Judge denied Petitioner's PCR application on or about August 25, 2014. (*Id.* at 12). Petitioner has apparently appealed that ruling to the New Jersey Appellate Division, whose decision remains pending. (*Id.*). Petitioner has thus not yet received a decision on his PCR claims from either the New Jersey Superior Court – Appellate Division or the New Jersey Supreme Court.

11. Petitioner admits in his petition that many of his claims were not raised on either of his direct appeals, but only in his PCR briefs. (*See, e.g,* EF No. 14 at 23). As any claims presented on PCR have not yet been decided by the Appellate Division or the New Jersey Supreme Court, those claims have not yet been exhausted. *See* 28 U.S.C. § 2254 (b)(1).

12. 28 U.S.C. § 2254(b)(1) states that a habeas petitions brought by a state prisoner challenging his conviction or sentence "shall not be granted unless it appears that" the petitioner has exhausted all of his claims in the state courts, there is no state court process applicable to the raised claims, or circumstances exist that render such process ineffective to protect the rights of the applicant. Although Petitioner has stated that he believes that his PCR process has been in some ways insufficient, he has not clearly stated the basis for this assertion other than to claim ineffective assistance of PCR counsel and to suggest that he disagrees with the PCR court's disposition of his discovery motions.

13. Because many, although not all, of Petitioners claims have not been exhausted, his petition presents a mixed petition. As the Third Circuit has explained, where a court is faced

4

with a mixed petition, the court has four options: "(1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow [Petitioner] to delete his unexhausted claims; and (4) deny the petition if it found all of [Petitioner's] unexhausted claims to be meritless under § 2254(b)(2) (allowing the denial of a petition on the merits 'notwithstanding the failure of the applicant to exhaust'). *Rhines v. Weber*, 544 U.S. 269, 274-78 [(2005).]" *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014).

14. Pursuant to *Rhines*, a stay of a mixed petition should be granted only in "limited circumstances." 544 U.S. at 277. A district court may only grant a stay where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. The cases in which stays are most appropriate are those where a dismissal of the petition without prejudice would result in the petitioner's inability to timely file his habeas petition. See *Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004) ("where an outright dismissal could jeopardize the timeliness of a collateral attack" a stay is appropriate); *Williams v. Walsh*, 411 F. App'x 459, 461 (3d Cir. 2011) ("[w]here the timeliness of a habeas corpus petition is at issue . . . a District Court has discretion to stay" the petition); *Ragland v. Barnes*, No. 14-7294, 2015 WL 1035428, at *2 (D.N.J. Mar. 10, 2015).

15. Here, Petitioner's direct appeal did not conclude until December 2012 with the denial of certification on his appeal from his resentencing. Petitioner filed his PCR petition, which remains pending in the Appellate Division, before that date. As the filing of the PCR petition appears to have tolled the running of the AEDA statute of limitations, Petitioner's one year limitation period has not even started to run. *See Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015). Thus, Petitioner would be in no danger of losing his

ability to timely file if this Court dismissed his petition without prejudice.  As such, a stay is inappropriate under these circumstances.  *Rhines*, 544 U.S. at 277; *Williams*, 411 F. App'x at 461.

16. Based on the current filings, it is not clear that Petitioner's claims can be denied on the merits regardless of exhaustion.  As such, this Court is faced with two options: dismiss the petition without prejudice or allow Petitioner to choose whether he wishes to proceed solely on his unexhausted claims.  Petitioner, despite being provided the opportunity to do so, has failed to present any argument to suggest that his petition should not be dismissed.  Petitioner has likewise not chosen to proceed solely on his exhausted claims.  As Petitioner has failed to show any reason, let alone good cause, why his petition should not be dismissed, this Court will dismiss Petitioner's current petition for a writ of habeas corpus without prejudice for failure to exhaust.

17. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because jurists of reason could not disagree with this

Court's decision to dismiss Petitioner's petition as an unexhausted mixed petition, Petitioner's amended petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner is denied a certificate of appealability as to this Court's dismissal of his petition for lack of exhaustion.

  18. In conclusion, Petitioner's requests for further library time (ECF No. 18-21) shall be DENIED, Petitioner's amended petition for a writ of habeas corpus (ECF No. 14) shall be DISMISSED WITHOUT PREJUDICE as an unexhausted mixed petition, and Petitioner shall be DENIED a certificate of appealability.  An appropriate order follows.


Date: March 18, 2016                *s/ Susan D. Wigenton*
                       Hon. Susan D. Wigenton,
                       United States District Judge