# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM DYKEMAN, <br><br> Petitioner, <br><br> v. <br><br> ADMINISTRATOR KENNETH NELSON, et al., <br><br> Respondents. | Civil Action No. 14-6111 (SDW) <br><br><br> MEMORANDUM OPINION |

IT APPEARING THAT:

1. On or about October 1, 2014, Petitioner William Dykeman submitted his pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction and sentence. (ECF No. 1).

2. On January 15, 2016, this Court entered an order screening Petitioner's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases, which requires that this Court screen Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." (*See* ECF No. 16). In that order, this Court determined that Petitioner had filed an unexhausted mixed petition, and as such directed Petitioner to show cause within thirty days why his petition should not be dismissed as unexhausted. (*Id.*).

3. In the more than two months that followed, Petitioner utterly failed to file a response to this Court's order to show cause.

4. Because Petitioner failed to respond to the Court's Order to Show Cause despite being provided more than two months in which to do so, because Petitioner had been specifically warned that the failure to respond to that Order could result in the dismissal of his petition, and because

the Court found that Petitioner had failed to provide good cause for his failure to exhaust his claims before filing his habeas petition as Petitioner's PCR appeal remained pending in the state courts and Petitioner's one year limitations period had not yet begun to run, this Court dismissed Petitioner's petition without prejudice for lack of exhaustion on March 21, 2016. (ECF Nos. 22-23).

5. Petitioner thereafter appealed (ECF No. 27), and on August 29, 2016, the Third Circuit denied Petitioner a certificate of appealability and dismissed his appeal explaining as follows:

> Jurists of reason would not debate that the District Court was correct to dismiss Dykeman's petition without prejudice for substantially the reasons discussed in the Memorandum Opinion. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In particular, in light of the fact that his appeal to the Superior Court of New Jersey, Appellate Division, from the denial of his petition for post-conviction relief is fully briefed, dismissal was appropriate. *See Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) ("In deciding whether a delay is excessive, we do consider the degree of progress made in state court.").

(ECF No. 30 at 2).

6. In December 2017, more than fifteen months after the Third Circuit dismissed his appeal and more than twenty months after this Court dismissed his petition without prejudice for lack of exhaustion, Petitioner filed a motion seeking relief from this Court's order dismissing his petition, presumably pursuant to Rule 60(b) of the Rules of Civil Procedure. (ECF No. 31). In his motion, Petitioner asserts that he wishes for the Court to reopen his case, vacate the dismissal of his petition, stay his petition pending exhaustion, and, notwithstanding the stay, rule on some of his claims because he believes he has finished the first of the sentences he received for the conviction which underlays his petition. (*Id.*). In support of his motion, Petitioner makes various arguments about how the prisons have made it difficult for him to file his long dismissed habeas petition or any motions for reconsideration addressing the Court's dismissal, but does not discuss what

2

progress has been made in his PCR appeal. (*Id.*). Petitioner does not state that the claims he wishes to have addressed have now been fully exhausted, nor does he dispute the basis for this Court's prior order. (*Id.*). Instead, Petitioner's motion appears to be aimed at achieving the same goal as his prior petition – preempting state court review by prematurely seeking relief in this Court before his PCR petition has run its course through all three levels of the New Jersey State Court system.[1]

7. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons including fraud or mistake, Rule 60(b)(6) permits a party to seek relief form a final judgment for "any . . . reason that justifies relief." "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

---

[1] The Court specifically notes that it appears that Petitioner's PCR matter was remanded to the PCR trial court for oral argument and a new decision by the Appellate Division in March 2017. *See State v. Dykeman*, 2017 WL 1089588 (N.J. App. Div. Mar. 23, 2017).

3

8. Motions for relief from a final judgment brought pursuant to Rule 60(b) must also be filed within a "reasonable time" of the entry of the original judgment. Fed. R. Civ. P. 60(c). What is reasonable in a given case depends on the circumstances of that case, and a determination of reasonableness rests on factors such as "finality, the reason for delay, the practical ability of the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *See In Re Diet Drugs(Phentermine/Fenfluramine/Dexfenfluramine) Product Liability Litigation*), 383 F. App'x 242, 246 (3d Cir. 2010). Indeed, Rule 60 motions based on fraud, mistake, or newly discovered evidence must be filed within a year of the entry of judgment, and the Third Circuit has found that a delay as short as a year can be sufficient to render the filing of a Rule 60 motion untimely where the interests of finality and the potential for prejudice so warrant. *See* Fed. R. Civ. P. 60(c)(1); *In Re Diet Drugs*, 383 F. App'x at 246.

9. Although Petitioner asserts repeatedly that he has found it difficult to file a motion for reconsideration or other briefing in this matter because of the various transfers he has undergone in the New Jersey Prison system as he has lost or mislaid his legal paperwork, which he claims he still has not recovered, this Court finds that Petitioner's motion was not filed within a reasonable time, and is therefore untimely under Rule 60(c) given the more than twenty months which passed between the entry of the dismissal order and Petitioner's filing of his current motion. While the Court would have permitted such a motion within six months, or even a year, of the original order, Petitioner's motion comes long after his petition was dismissed, and Petitioner has failed to provide an adequate explanation for the extraordinary delay. Indeed, Petitioner was clearly aware of the basis for any claims in March 2016, when he claims he drafted a motion for reconsideration, and even if he had indeed lost his motion paperwork, he provides no reason he could not have redrafted

4

his motion in the months that followed, rather than waiting the better part of two years. Petitioner's motion must therefore be denied as untimely. *In Re Diet Drugs*, 383 F. App'x at 246.

10. Even were Petitioner's motion not untimely, however, his motion would still have to be denied as Petitioner has failed to show any extraordinary circumstances warranting relief. Based on the information available to this Court, Petitioner's PCR proceedings remain pending following the Appellate Division's March 2017 remand, and it appears that Petitioner's situation has otherwise remained unchanged – his one year limitations period has not begun to run as his PCR remains pending before the state courts, and it appears that Petitioner's claims have yet to be given a final ruling by even the trial level state PCR court at this time. The available information thus suggests that Petitioner's situation remains much as it was over twenty months ago, and Petitioner has failed to give the Court any reason to believe that his petition should be reopened and stayed rather than remain dismissed. Petitioner has presented the Court with no extraordinary circumstances warranting relief, his one year limitations period remains in its entirety, and Petitioner is in no danger of losing his ability to seek habeas relief once his PCR proceedings have run their course given the current state of affairs. Petitioner's motion thus represents nothing more than Petitioner's second attempt at prematurely seeking review, and Petitioner's motion provides no basis for the Court to vacate its prior order. Thus, even if Petitioner's Rule 60 motion were not untimely, must still be denied.

11. In conclusion, Petitioner's motion for relief from this Court's prior order dismissing his habeas petition is DENIED. An appropriate order follows.

Dated: February 2, 2018                                *s/ Susan D. Wigenton*
                                                                    Hon. Susan D. Wigenton,
                                                                    United States District Judge